# Potter, Appellant, *v.* Ketterlinus.

*Bailment—Pledge—Trover and conversion—Assignment of debt.*

In an action of trespass for conversion where the plaintiff charges that the defendant had sold certain property which the plaintiff had pledged with him as collateral for debt, in violation of the stipulated conditions of the pledge, a nonsuit is properly entered where the evidence shows that the defendant had not sold the collateral, but had merely assigned the debt to another, and with it his rights over the collateral.

Argued Jan. 9, 1908.    Appeal, No. 147, Jan. T., 1907, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 147, refusing to take off nonsuit in case of Genevieve E. Potter *v.* John Ketterlinus, trading as Ketterlinus Printing House.    Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.    Affirmed.

Trespass for conversion.    Before Brégy, J.

The opinion of the Supreme Court states the case.

The court entertained a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Joseph E. Sagebeer,* with him *Frank B. Ellis,* for appellant.

*John G. Johnson,* with him *James Wilson Bayard,* for appellee.

Per Curiam, April 27, 1908:

Plaintiff declared in trespass (trover) for the conversion of certain stereotype plates, the property of plaintiff, which had been pledged with defendant as collateral security for a debt due him by plaintiff with authority to sell in one of several specified ways, but which plaintiff declared had been sold in disregard of the stipulated conditions.    But the plaintiff failed in the proof.    All that was shown by the evidence was that the appellee had assigned the debt to him and with it his rights

over the collateral.   The plates ultimately came into the pos-
session of appellant and the learned judge below was of opin-
ion that no damage had been proved.   However this may be,
the gist of the action was the conversion and as no conversion
was shown the nonsuit was proper.

Judgment affirmed.